UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE ORTANSA MICHAELESCO

ORTANSA MICHAELESCO,
    Plaintiff,

    v.

JOELLE SHEFTS and ROBERT CARR,
    Defendants.

Civil No.
3:04cv26 (SRU)

**MEMORANDUM OF DECISION**

Ortansa Michaelesco sued Joelle Shefts and Robert Carr, the executors of the Estate of Bernice P. Richard, alleging conspiracy, violation of 28 U.S.C. § 1665, unjust enrichment, and breach of contract and/or breach of trust.  Defendants filed a motion for summary judgment on May 20, 2005 (document # 87), arguing that Michaelesco: (1) filed this action after the running of the applicable statutes of limitations, (2) lacks standing to pursue claims properly brought by her husband, and (3) cannot succeed on the merit of her claims.  Michaelesco has refused to oppose the motion or otherwise participate in this case during the pendency of her unsuccessful interlocutory appeal and petition for writ of certiorari to the United States Supreme Court.  For the reasons stated below, the motion for summary judgment is granted.

**I.    Standard of Review**

Summary judgment is appropriate when the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

When ruling on a summary judgment motion, the court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson*, 477 U.S. at 255. When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of her pleadings, but rather must present significant probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

If the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof at trial, then summary judgment is appropriate. *Celotex*, 477 U.S. at 322. In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

"Where the non-moving party is proceeding *pro se*, the court must interpret that party's supporting papers liberally, that is, interpret them 'to raise the strongest arguments that they suggest.'" *Forsyth v. Federation Employment and Guidance Service*, 409 F.3d 565, 569 (2d Cir. 2005) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**II.    Background**

In March 2001, Michaelesco filed a Chapter 13 bankruptcy petition. Michaelesco initiated the present action on May 15, 2001 as an adversary proceeding in the bankruptcy court. Michaelesco sued the Estate of Bernice P. Richard, seeking damages for services rendered by Michaelesco and her husband. The present defendants, Shefts and Carr, were substituted for the Estate and the bankruptcy court granted Michaelesco's motion to join as defendants: Lutz & Carr

CPA, LLP; J.P. Morgan Chase & Co.; ABC Good Morning America; Sotheby's International Realty, Inc.; Vanity Fair, Inc.; George Wachtel; and Ninette S. Bordoff, Guardian Ad Litem.  I granted Michaelesco's motion to withdraw the reference on January 7, 2004.  (Doc. # 5)  In late January 2004, Michaelesco appealed to the Second Circuit various rulings made in the bankruptcy court and moved to continue the trial of this action.  (Doc. # 7)  That appeal was later dismissed for lack of jurisdiction.  (Doc. # 50)

During the summer of 2004, the bankruptcy court converted Michaelesco's Chapter 13 proceeding into a Chapter 7 proceeding.  On January 18, 2005, Barbara H. Katz, the bankruptcy trustee, moved to be substituted as the plaintiff in this proceeding.  (Doc. # 58)  I granted that motion on January 20, 2005.  (Doc. # 63)  As a result, Michaelesco was terminated as a party, in favor of the trustee.  On January 25, 2005, I granted motions to dismiss all defendants except Shefts and Carr.  (Doc. # 67)

Michaelesco filed two notices of appeal to the Second Circuit on January 31, 2005 (doc. ## 74, 75), challenging both the order substituting the trustee as the plaintiff in this case and the order dismissing most of the defendants.  By that time, the trustee had informed the court that she would not be pursuing the claim on behalf of the bankruptcy estate, and accordingly would soon be moving to withdraw.  I sought to inform Michaelesco that the trustee would be withdrawing, which would moot one of her appeals, and that the Court of Appeals would likely dismiss as premature her other appeal of the order dismissing defendants.  Michaelesco, however, refused to participate in the court-ordered telephone conference I scheduled in the case.  (*See* doc. # 71)  As a result, I issued a notice and order on February 23, 2005, that informed all parties that "because the two notices of appeal raise issues that will soon be mooted or dismissed, this court does not

intend to await formal rulings by the Second Circuit before proceeding with necessary pretrial proceedings." (Doc. # 78)

On March 16, 2005, I granted the trustee's motion to substitute party and reinstated Michaelesco as the plaintiff in this case. (Doc. # 84) Michaelesco was provided notice of that order. On March 17, 2005, I issued a written Notice to Pro Se Plaintiff informing her that she had been reinstated as the plaintiff and that deadlines had been established for the completion of discovery and the filing of dispositive motions. (Doc. # 86) The Notice included bolded text that read: "The pro se plaintiff is hereby put on notice that the failure to prosecute this case or to comply with deadlines and orders issued by the court could result in dismissal of the case without further notice to the plaintiff." (*Id.*)

Shefts and Carr filed the present motion for summary judgment on May 20, 2005. (Doc. # 87) Along with the motion, the defendants filed a Notice to Pro Se Litigant that explained the summary judgment procedure and warned in capitalized, bolded text that: "The defendant's motion may be granted and your claims may be dismissed without further notice if you do not file papers as required by Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules of Civil Procedure. Copies of these rules are attached to this notice, and you should review them very carefully." (Doc. # 88)

On or about May 23, 2005, Michaelesco filed a petition for writ of mandamus and prohibition with the Second Circuit, seeking an order requiring me to vacate orders entered "on issues that are on appeal in the U.S. Court of Appeals for the Second Circuit." The Second Circuit mandate denying that petition was filed with this court on July 15, 2005. (Doc. # 89) The Second Circuit mandate dismissing Michaelesco's interlocutory appeal was filed with this

court on August 8, 2005.  (Doc. # 90)  By early September, Michaelesco still had not opposed the motion for summary judgment that had been filed in May.  Accordingly, on September 6, 2005, during a phone conference in a related case filed by Michaelesco, I informed Michaelesco that this case would be dismissed if she did not file a written objection to the motion for summary judgment.  On September 19, 2005, I issued a Notice to Plaintiff and Order, which included the bolded text warning: "Michaelesco shall file an opposition to defendants' motion for summary judgment on or before October 7, 2005.  If no response is filed by Michaelesco by October 7, 2005, defendants' motion for summary judgment will be granted and her claims against defendants will be terminated."  (Doc. # 91)  By letter dated October 6, 2005 (doc. # 93), Michaelesco informed me, in substance, that she would not be responding to the motion for summary judgment.  Indeed, no opposition has been filed in the more than six months since the motion was filed.

**III.    Discussion**

The services of Michaelesco and her husband that underlie the claims in this case were performed from 1985 through May 24, 1994.  This lawsuit was not brought until May 15, 2001.  Accordingly, all of Michaelesco's claims are barred by the applicable statutes of limitations.  The longest applicable statute of limitations is that for breach of contract, which is six years.  Conn. Gen. Stat. § 52-576; McKinney's CPLR § 213.  That statute of limitations ran, at the latest, on May 25, 2000, nearly a full year before this action was filed.  Accordingly, all of Michaelesco's claims are time-barred.

Michaelesco has not proffered any evidence giving rise to a genuine issue of material fact with respect to the statute of limitations bar in this case.  Accordingly, summary judgment will

enter against her on all claims.

## IV.     Conclusion

The defendants' motion for summary judgment (doc. # 87) is GRANTED. The clerk shall enter judgment for the defendants and close this case.

It is so ordered.

Dated at Bridgeport, Connecticut, this 5th day of January 2006.

                                            /s/ Stefan R. Underhill
                                            Stefan R. Underhill
                                            United States District Judge